Filed 9/13/22  P. v. Nix CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080235 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRN21521) |
| WILLIAM WAYNE NIX, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 1992, a jury convicted William Wayne Nix, Jr., of conspiracy to commit murder (Pen. Code,[1] § 182, subd. (a)(1)) and first degree murder (§ 187, subd. (a)).  The jury also found true an allegation that Nix was armed with a firearm (§ 12022, subd. (a)).  In addition, the jury found that Nix

---

1    All further statutory references are to the Penal Code.

commanded, induced, solicited and assisted the commission for financial gain. (§ 190.2, subd. (a)(1).) Nix was sentenced to life in prison without parole.

In 2015, Nix filed a petition for habeas corpus claiming he was entitled to relief in light of *People v. Chui* (2014) 59 Cal 4th 155. This court denied the petition finding as a person convicted of conspiracy to murder, the record established Nix intended that the victim was to be killed; thus, he harbored express malice. (*In re Nix* (June 8, 2015, D068151) [nonpub. opn.].)

In 2021, Nix filed a petition for resentencing under section 1172.6.[2] The court appointed counsel, received briefing and reviewed the record of conviction. The court denied the petition without issuing an order to show cause. The court found Nix was not convicted of felony murder or on the basis of the doctrine of natural and probable consequences and was, thus, not eligible for relief under section 1172.6.

Nix filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We granted Nix's request for an extension of time to file his supplemental brief on or before August 31, 2022, but he did not respond.

---

[2] Nix brought his motion under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58 (Assem. Bill No. 200) § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

The facts of the offense were discussed in our first appeal. We will not repeat the facts here. (*People v. Nix* (Mar. 29, 1994, D017523) [nonpub. opn.].)

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in denying appellant's petition for resentencing.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Nix on this appeal.

## DISPOSITION

The order denying appellant's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.